IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ASIA MOORE   :

   :

v.   :   Civil Action No. DKC 11-3742

   :

WASHINGTON HOSPITAL CENTER

   :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Asia Moore commenced this action against her former employer, Washington Hospital Center ("WHC"), on September 20, 2011, by filing a *pro se* complaint in the District Court of Maryland for Prince George's County. The complaint alleged that Plaintiff was "wrongfully terminated on August 28, 2009[,] in violation of the federal Family Medical Leave Act, 29 U.S.C. § 2615, because [she] exercised [her] rights under that Act." (ECF No. 2-1). WHC removed to this court and, on February 6, 2012, filed a motion to dismiss or for summary judgment. Plaintiff was advised by the clerk that a potentially dispositive motion had been filed and that her failure to file a written response within seventeen days could result in dismissal of the case or the entry of judgment against her without further notice. She nevertheless failed to file a timely response.[1] By

---

[1] Plaintiff did file a handwritten, one-page letter approximately one month late, which did not respond to WHC's motion in any meaningful way. (ECF No. 16).

a memorandum opinion and order issued July 16, 2012, the court granted summary judgment in favor of WHC.

On September 10, 2012, Plaintiff filed the pending motion for reconsideration. (ECF No. 20). While she does not identify a governing rule or include any legal analysis, Plaintiff's motion could only be cognizable under Federal Rule of Civil Procedure 60(b) because she filed it nearly two months after the underlying judgment was issued. *See Peamon v. Gradet*, Civ. No. WDQ-12-1241, 2012 WL 3240462, at *1 (D.Md. Aug. 2, 2012) ("A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) governs."). Pursuant to Rule 60(b), a party may obtain relief from a judgment or final order based upon:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b).  Motions for reconsideration are "an extraordinary remedy which should be used sparingly."  *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Plaintiff's motion does not meet any of the grounds for reconsideration set forth in Rule 60(b).  She argues that she attempted to return to work on July 13, 2009, but her supervisor turned her away and that WHC's "security tapes" will demonstrate the truth of this claim.  (ECF No. 20).  As the court explained in its prior opinion, however:

> Even assuming, as [Plaintiff] asserts in her complaint, that she reported to work on July 13 and was sent away by Ms. Young, who misinformed her that she was approved for leave through the end of that month, she still failed to comply with WHC's return-to-work procedures.  Moreover, the evidence reflects that Plaintiff had no further contact with anyone in the WLS department until August 13, approximately one month after her leave expired. (ECF No. 15-1, at 11).  Even then, she was given the opportunity to return to work by taking specified actions by August 20.  (ECF No. 13-7).  It was only when she failed to do so that her employment was terminated.  (ECF No. 13-8).  Her failure in this regard clearly provided legitimate justification for her dismissal.

(ECF No. 18, at 14-15). Because WHC provided a legitimate, non-discriminatory reason for Plaintiff's termination, it was incumbent upon Plaintiff to present evidence showing that this

reason was pretextual. Because she failed to do so, summary judgment was entered in favor of WHC.

In the instant motion, Plaintiff merely reasserts claims she raised in her initial complaint. These are not proper grounds for reconsideration. *See Messner v. Calderone*, 447 Fed.Appx. 725, 725 (7th Cir. 2011) ("Rule 60(b) is not a means to relitigate contentions decided adversely to a litigant."); *see also United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982).

Accordingly, it is this 31st day of October, 2012, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 20) BE, and the same hereby IS, DENIED; and

2. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for Defendant and directly to Plaintiff.

                                              _____/s/_____
                                              DEBORAH K. CHASANOW
                                              United States District Judge